IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN ZUCAL and <br> EVA ZUCAL, h/w <br> <br> v. <br> <br> HONEYWELL INTERNATIONAL, INC. <br> f/k/a ALLIED SIGNAL, INC., Successor <br> in interest to BENDIX CORPORATION, <br> et al. | : <br> : <br> : <br> : <br> : Civil Action No. 02-3173 <br> : <br> : <br> : <br> : |

**DEFENDANT HONEYWELL INTERNATIONAL, INC.'S
MOTION FOR A TEMPORARY STAY OF PLAINTIFF'S
MOTION FOR ABSTENTION AND/OR REMAND**

Honeywell International, Inc. f/k/a Allied Signal, Inc., as successor in interest to Bendix Corporation ("Honeywell"), by and through its undersigned counsel, Rawle & Henderson, LLP, denies all of plaintiff's factual allegations and legal conclusions supporting remand of this action. Answering defendant specifically denies plaintiff's assertion that this court lacks jurisdiction to hear this matter. All Court Orders and pleadings referenced in plaintiff's Motion for Remand speak of themselves and therefore no further answer is required. Answering defendant limits its denial of such Orders and pleadings to plaintiff's legal interpretation and/or factual characterization of those documents.

**I. BACKGROUND**

1. On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc., et al. (collectively, "Federal Mogul" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2. The Debtors continue to operate their respective businesses and manage their respective properties pursuant to 11 U.S.C. §§ 1107 and 1108 as debtors-in-possession.

3. On November 27, 2001, the Honorable Edward Becker, Chief Judge of the United States Court of Appeals for the Third Circuit, issued an Order reassigning the five asbestos-

related bankruptcy cases currently pending in the District of Delaware, including the Federal-Mogul bankruptcy, to the Honorable Alfred M. Wolin.

4. The Plaintiff in this removed action has named Honeywell, as successor-in-interest of Bendix Corp., as a co-defendant alleging injuries due to asbestos-containing friction products that were allegedly manufactured or supplied by Bendix. The Plaintiff has also named Federal-Mogul, its subsidiaries, or an entity acquired by Federal-Mogul, all of which have filed Chapter 11 Petitions, as a co-defendant. The Plaintiff has asserted that joint and/or several liability arises as to each named co-defendant in this action.

5. As a result of the filing of Chapter 11 Petitions, on or about December 17, 2001, Honeywell began to remove this claim and others, involving friction products that are currently pending in state courts, pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure.

6. On December 17, 2001, Honeywell also filed a Motion to partially withdraw the reference pursuant to 28 U.S.C. § 157(d) and to Transfer the removed claims and causes of action, pursuant to 28 U.S.C. § 157(b)(5) (the "Transfer Motion"), to the United States Bankruptcy Court for the District of Delaware.

7. On December 19, 2001, the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware (the "Provisional Order"), subject to further Orders of that Court. A true and accurate copy of the Provisional Order is attached hereto as Exhibit "A."

0674366.01

8.      On January 4, 2002, the Honorable Alfred M. Wolin issued an Order (the "Clarification Order"), that clarified the Provisional Order by extending the provisional transfer of friction product claims to include claims that would have been subject to the Provisional Order, but had not yet been removed on the date of the Provisional Order.  A true and accurate copy of the Clarification Order is attached hereto as Exhibit "B."

9.       On February 8, 2002, the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Remand Order"), granting Plaintiffs' Motion for Remand.  See Exhibit "C."

10.     On February 11, 2002, the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit  issued an Order temporarily granting an Emergency Motion for Stay (the "Stay Order"), pending appeal of the Remand Order by defendants/appellants.  See Exhibit "D."

11.     On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order  (the "Stay Clarification Order"), that clarified that the Stay Order issued on February 11, 2002, applies to all appellants and to all removed claims before the Delaware District Court.  See Exhibit "E."

12.     On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the "Scheduling Order").  See Exhibit "F."

13.     The Scheduling Order also provides that "[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel."  See Exhibit "F."

0674366.01

3

14. Accordingly, Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court. Because the Remand Order has been stayed, the Delaware District Court's provisional transfer order is still the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

## II. REQUESTED RELIEF AND REASONS THEREFOR

15. 28 U.S.C. § 157(b)(5) grants exclusive jurisdiction to the District Court where the bankruptcy case is currently pending to decide whether the claims for personal injury or wrongful death should be transferred and resolved as part of the pending bankruptcy proceeding. See 28 U.S.C. § 157(b)(5) (1994).

16. The Delaware District Court, through the issuance of the Provisional Order, has exercised its authority and has assumed jurisdiction over these claims. The Provisional Order establishes an expedited hearing schedule where the Plaintiff may raise or join in any motion pertaining to the issues of whether abstention and/or remand are appropriate in this particular case.

17. The motion to abstain/remand filed in this Court is in contravention to the Provisional Order and is clearly in contravention of the ongoing proceedings before the Third Circuit Court of Appeals, and therefore should be rejected at this time without prejudice. The recent developments in Delaware and before the Third Circuit Court of Appeals underscore the critical nature regarding jurisdiction over these asbestos-related bankruptcies and the overwhelming interest in having the Third Circuit Court of Appeals decide these issues regarding remand and/or abstention.

0674366.01

18.     Further, the purpose behind Section 157(b)(5) was to make it possible for a single forum "to oversee the many claims and proceedings that might arise in or affect" an ongoing reorganization of the debtor.  See Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121 (N.D. Ind. 1995).  See also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress enacted Section 157(b)(5) to expand the district court's venue fixing powers with an eye to centralizing the adjudication of a bankruptcy case").  Moreover, Section 157(b)(5) has been employed effectively in prior mass tort bankruptcies to centralize the resolution of related personal injury tort claims before the bankruptcy court.  See, e.g., In re Dow Corning Corp., 86 F.3d 482 (6th Cir. 1996) stating that centralized adjudication allows "all interests [to] be heard" and "the interests of all claimants [to] be harmonized." Dow Corning, 86 F.3d at 496-97 (quoting A.H. Robins v. Piccinin, 788 F.2d 994, 1014 (4th Cir. 1986)).

19.     Further, the motion to abstain/remand filed in this Court is in direct contravention of Judge Weiner's Orders dated January 16, 2002 (see Exhibit "G") and April 12, 2002 (see Exhibit "H") which state that "**all pending motions for abstention and remand are denied** without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issues by Judge Wolin and any subsequent appeals thereto." (emphasis added).

20.     Defendant Honeywell is aware of both of Judge Weiner's Orders, but is filing this Response to ensure that its right to oppose plaintiff's Motion for Remand is preserved.

21.     Accordingly, Honeywell requests that this Court deny this motion to abstain and/or remand pursuant to the Orders of Judge Weiner, until the Third Circuit Court of Appeals renders its final decision on this matter.

0674366.01

WHEREFORE, it is respectfully submitted that this Court, in accordance with Judge Weiner's Orders, deny plaintiff's motion for abstention and/or remand and, pursuant to the Delaware District Court's Provisional Transfer Order, transfer these claims and causes of action to the United States Court of the District of Delaware, and grant Honeywell such other relief as is just.

Respectfully submitted,

**RAWLE & HENDERSON LLP**

By:
PETER J. NEESON
I. D. No. 27601
STEWART R. SINGER
I.D. No. 62006
JOHN C. McMEEKIN II
I.D. No. 81250
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA  19107
215-575-4200

Attorneys for Defendant,
Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

Date:

0674366.01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN ZUCAL and : | |
| EVA ZUCAL, h/w : | |
| : | |
| v. : | |
| : | Civil Action No. 02-3173 |
| HONEYWELL INTERNATIONAL, INC. : | |
| f/k/a ALLIED SIGNAL, INC., Successor : | |
| in interest to BENDIX CORPORATION, : | |
| et al. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
HONEYWELL INTERNATIONAL, INC.'S
MOTION FOR A TEMPORARY STAY OF
PLAINTIFF'S MOTION FOR ABSTENTION AND/OR REMAND**

### I. BACKGROUND

On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc., et al. (collectively, "Federal Mogul" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

The Debtors continue to operate their respective businesses and manage their respective properties pursuant to 11 U.S.C. §§ 1107 and 1108 as debtors-in-possession.

On November 27, 2001, the Honorable Edward Becker, Chief Judge of the United States Court of Appeals for the Third Circuit, issued an Order reassigning the five asbestos-related bankruptcy cases currently pending in the District of Delaware, including the Federal-Mogul bankruptcy, to the Honorable Alfred M. Wolin.

0674366.01

2

The Plaintiff in this removed action has named Honeywell, as successor-in-interest of Bendix Corp., as a co-defendant alleging injuries due to asbestos-containing friction products that were allegedly manufactured or supplied by Bendix. The Plaintiff has also named Federal-Mogul, its subsidiaries, or an entity acquired by Federal-Mogul, all of which have filed Chapter 11 Petitions, as a co-defendant. The Plaintiff has asserted that joint and/or several liability arises as to each named co-defendant in this action.

As a result of the filing of Chapter 11 Petitions, on or about December 17, 2001, Honeywell began to remove this claim and others, involving friction products that are currently pending in state courts, pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure.

On December 17, 2001, Honeywell also filed a Motion to partially withdraw the reference pursuant to 28 U.S.C. § 157(d) and to Transfer the removed claims and causes of action, pursuant to 28 U.S.C. § 157(b)(5) (the "Transfer Motion"), to the United States Bankruptcy Court for the District of Delaware.

On December 19, 2001, the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware (the "Provisional Order"), subject to further Orders of that Court. A true and accurate copy of the Provisional Order is attached hereto as Exhibit "A."

On January 4, 2002, the Honorable Alfred M. Wolin issued an Order (the "Clarification Order"), that clarified the Provisional Order by extending the provisional transfer of friction product claims to include claims that would have been subject to the Provisional Order, but had

0674366.01

not yet been removed on the date of the Provisional Order.  A true and accurate copy of the Clarification Order is attached hereto as Exhibit "B."

On February 8, 2002, the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Remand Order"), granting Plaintiffs' Motion for Remand.  See Exhibit "C."

On February 11, 2002, the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit issued an Order temporarily granting an Emergency Motion for Stay (the "Stay Order"), pending appeal of the Remand Order by defendants/appellants.  See Exhibit "D."

On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order (the "Stay Clarification Order"), that clarified that the Stay Order issued on February 11, 2002, applies to all appellants and to all removed claims before the Delaware District Court.  See Exhibit "E."

On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the "Scheduling Order").  See Exhibit "F."

The Scheduling Order also provides that "[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel."  See Exhibit "F."

Accordingly, Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court. Because the Remand Order has been stayed, the Delaware District Court's provisional transfer order is still

0674366.01

the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

## II. REQUESTED RELIEF AND REASONS THEREFOR

28 U.S.C. § 157(b)(5) grants exclusive jurisdiction to the District Court where the bankruptcy case is currently pending to decide whether the claims for personal injury or wrongful death should be transferred and resolved as part of the pending bankruptcy proceeding. See 28 U.S.C. § 157(b)(5) (1994).

The Delaware District Court, through the issuance of the Provisional Order, has exercised its authority and has assumed jurisdiction over these claims. The Provisional Order establishes an expedited hearing schedule where the Plaintiff may raise or join in any motion pertaining to the issues of whether abstention and/or remand are appropriate in this particular case.

The motion to abstain/remand filed in this Court is in contravention to the Provisional Order and is clearly in contravention of the ongoing proceedings before the Third Circuit Court of Appeals, and therefore should be rejected at this time without prejudice. The recent developments in Delaware and before the Third Circuit Court of Appeals underscore the critical nature regarding jurisdiction over these asbestos-related bankruptcies and the overwhelming interest in having the Third Circuit Court of Appeals decide these issues regarding remand and/or abstention.

Further, the purpose behind Section 157(b)(5) was to make it possible for a single forum "to oversee the many claims and proceedings that might arise in or affect" an ongoing reorganization of the debtor. See Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121 (N.D. Ind. 1995). See also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress enacted Section 157(b)(5) to expand the district court's venue fixing powers with an eye to centralizing

0674366.01

the adjudication of a bankruptcy case"). Moreover, Section 157(b)(5) has been employed effectively in prior mass tort bankruptcies to centralize the resolution of related personal injury tort claims before the bankruptcy court. See, e.g., In re Dow Corning Corp., 86 F.3d 482 (6th Cir. 1996) stating that centralized adjudication allows "all interests [to] be heard" and "the interests of all claimants [to] be harmonized." Dow Corning, 86 F.3d at 496-97 (quoting A.H. Robins v. Piccinin, 788 F.2d 994, 1014 (4th Cir. 1986)).

Further, the motion to abstain/remand filed in this Court is in direct contravention of Judge Weiner's Orders dated January 16, 2002 (see Exhibit "G") and April 12, 2002 (see Exhibit "H") which state that "**all pending motions for abstention and remand are denied** without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issues by Judge Wolin and any subsequent appeals thereto." (emphasis added).

Defendant Honeywell is aware of both of Judge Weiner's Orders, but is filing this Response to ensure that its right to oppose plaintiff's Motion for Remand is preserved.

Accordingly, Honeywell requests that this Court deny this motion to abstain and/or remand pursuant to the Orders of Judge Weiner, until the Third Circuit Court of Appeals renders its final decision on this matter.

0674366.01

### III. <u>CONCLUSION</u>

It is respectfully submitted that this Court, in accordance with Judge Weiner's Orders, deny plaintiff's motion for abstention and/or remand and, pursuant to the Delaware District Court's Provisional Transfer Order, transfer these claims and causes of action to the United States Court of the District of Delaware, and grant Honeywell such other relief as is just.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

By:
PETER J. NEESON
I. D. No. 27601
STEWART R. SINGER
I.D. No. 62006
JOHN C. McMEEKIN II
I.D. No. 81250
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA  19107
215-575-4200

Attorneys for Defendant,
Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

Dated:

0674366.01

## CERTIFICATION OF SERVICE

I, Peter J. Neeson, Esquire/Stewart R. Singer, Esquire/John C. McMeekin II, Esquire, of full age, hereby certify that on this day, I caused a true and correct copy of Defendant's Motion for a Temporary Stay of Plaintiff's Motion for Abstention and/or Remand to be served on all counsel listed below as follows.
*VIA HAND DELIVERY:*

George A. Weber, III, Esquire
Law Offices of Peter G. Angelos, P.c.
60 W. Broad Street, Suite 200
Bethlehem, PA 18018
**Attorney for Plaintiffs**

Robert W. Rowan, Esquire
Gollatz, Griffin & Ewing, P.C.
Two Penn Center, 16th Floor
15th and JFK Boulevard
Philadelphia, PA 19102
**Attorney for ACandS, Inc.**

Edward J. Wilbraham, Esquire
Wilbraham, Lawler & Buba
Suite 3100, 1818 Market Street
Philadelphia, PA 19103
**Attorney for Amchem Products, Inc., Foseco, Inc., Pneumo Abex Corporation and Union Carbide Chemical & Plastics Co., Inc.**

M. Douglas Eisler, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
**Attorney for A.W. Chesterton**


Joel D. Gusky, Esquire

0674366.01

1

Harvey, Pennington, Herting & Renneisen, Ltd.
1835 Market Street, 29th Floor
11 Penn Center Plaza
Philadelphia, PA 19103
**Attorney for B.F. Goodrich**

John McShea, Esquire
McShea Tecce
1735 Market Street
26th Floor
Philadelphia, PA 19103
**Attorney for Viacom, Inc.**

Alan Klein, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Clayton, Dubilier & Rice**

Robert P. Corbin, Esquire
German, Gallagher & Murtagh
The Bellevue
200 S. Broad Street, Suite 500
Philadelphia, PA  19102
**Attorney for Cooper Industries**

Joseph R. Glancy, Esquire
Stack & Stack
1600 Locust Street
Philadelphia, PA 19103
**Attorney for Crown, Cork & Seal**

Christine O. Boyd, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street, 12th Floor
Philadelphia, PA 19106
**Attorney for Daimler Chrysler Corporation and General Motors Corporation**


Edward R. Paul, Esquire

0674366.01

Paul, Mardinly, Durham, James, Flandereau & Rodger
320 West Front Street
P. O. Box D
Media, PA 19063
**Attorney for Fairmont Supply Company**

Thomas Coleman, Esquire
Kent & McBride, PC
Two Logan Square, Suite 600
18th and Arch Streets
Philadelphia, PA 19103
**Attorney for Ferro Engineering**

William A. Jones, Esquire
Swartz, Campbell & Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA 19103
**Attorney for Flintkote Co., Reilly Benton**

Eric J. Kadish, Esquire
McCarter & English
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
**Attorney for Flintkote Co.**

Mark Lipowicz, Esquire
Duane Morris LLP
4200 One Liberty Place
Philadelphia, PA  19103
**Attorney for Ford Motor Company**

Tracey M. McDevitt, Esquire
Reilly, Janiczek & McDevitt, P.C.
The Widener Building, Suite 520
One South Penn Square
Philadelphia, PA 19107
**Attorney for Foster-Wheeler Corporation and Premier Refractories, Inc.**


E. Michael Keating, III, Esquire

0674366.01

3

Hollstein, Keating, Cattell, Johnson & Goldstein
Suite 1602
1608 Walnut Street
Philadelphia, PA  19103
**Attorney for General Electric**

Daniel Segal, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA  19103
**Attorney for General Refractories Company**

Daniel J. Ryan, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103
**Attorney for Goodyear Tire & Rubber Company and Rockbestos Co.**

Jeffrey L. Pettit, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
121 South Broad St., Suite 1600
Philadelphia, PA  19107
**Attorney for Halliburton Technical Services, Inc.**

Thomas E. Seus, Esquire
McGivney, Kluger & Gannon, P.C.
1429 Walnut Street, 11th Floor
Philadelphia, PA 19102
**Attorney for Hercules Chemical Company, Inc.**

Michael P. Geleta, Esquire
Law Office of Anna Waldherr
Two Penn Center Plaza, Suite 1120
1500 JFK Boulevard
Philadelphia, PA 19102
**Attorney for John Crane, Inc.**


Richard Foltz, Jr., Esquire

0674366.01

4

Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
 Philadelphia, PA  19103
**Attorney for Lac d'Amiante du Quebec, Ltee.**

Mark N. Cohen, Esquire
Margolis Edelstein
The Curtis Center
Fourth Floor
Independence Square West
Philadelphia, PA 19106
**Attorney for Mallinckrodt, Inc.**

C. James Zeszutek, Esquire
Thorp, Reed & Armstrong
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA 15219-1425
**Attorney for Pfizer, Inc. and Quigley Company**

Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
**Attorney for Rapid American**

Bruce S. Haines, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA  19103
**Attorney for Uniroyal, Inc.**

0674366.01

5

John J. Dugan, Esquire
Wolf Block Schorr and Solis-Cohen, LLP
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003
**Attorney for Universal Refractories, Inc.**

                                    **RAWLE & HENDERSON LLP**

By:

                PETER J. NEESON
                I. D. No. 27601
                STEWART R. SINGER
                I.D. No. 62006
                JOHN C. McMEEKIN II
                I.D. No. 81250
                The Widener Building, 16th Floor
                One South Penn Square
                Philadelphia, PA  19107
                215-575-4200

                Attorneys for Defendant,
                Honeywell International, Inc., f/k/a Allied
                Signal as successor in interest to Bendix
                Corporation

Dated:

0674366.01